IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Tyrone Lamont Bey,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>State of Utah,<br><br>　　　　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:19-cv-00650-JNP-CMR<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 4). Plaintiff Tyrone Lamont Bey (Plaintiff) is *pro se* and has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF 2). Because Plaintiff is acting *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court recommends this matter be dismissed for failure to file a response to this court's prior order requesting Plaintiff establish jurisdiction. Even assuming jurisdiction was met, pursuant to District of Utah Local Civil Rule 3-2(c), the undersigned recommends Plaintiff's Complaint (ECF 3) be dismissed as frivolous.

I.　　　BACKGROUND

While it is difficult to discern, Plaintiff's Complaint seems to focus on a "child support case" "from the "Utah Office of Recovery Services" compelling Plaintiff to "make payments to Utah Child Support" (ECF 3 at 3).

In processing Plaintiff's request to proceed without prepayment of fees, on September 26, 2019, Plaintiff was ordered to show cause why the Complaint should not be dismissed for want

of federal jurisdiction (ECF 2) (Show Cause Order). In the Show Cause Order, Plaintiff was informed his Complaint seemed to center around "child support issues" (ECF 2 at 2). If that was the case, the court explained that two such restrictions on this court's jurisdiction commonly referred to as the *Rooker Feldman* doctrine and the *Younger* abstention doctrine indicated the court lacked jurisdiction.[1] Fourteen days from September 26, 2019, Plaintiff was ordered to show cause why the matter should not be dismissed (ECF 2). On October 9, 2019, Plaintiff submitted an additional 17 pages of various documents, but it is unclear if they are responsive to the Show Cause Order as the Plaintiff did not include a pleading caption (ECF 6). In reviewing the submission, they appear to be copies of the Show Cause Order, the docket and portions of Plaintiff's Complaint, but nothing addresses the jurisdiction question presented in the Show Cause Order (ECF 6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R. Co.*, 370 U.S.

---

[1] The court explained the *Rooker Feldman* doctrine arises from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and generally, "provides that federal courts do not have jurisdiction to review decisions of state courts or claims inextricably intertwined with an earlier state-court judgment" (ECF 2 at 2). The court also cited to the *Younger* abstention doctrine which arises from *Younger v. Harris*, 401 U.S. 37 (1971) and prevents federal jurisdiction where there is a parallel pending proceeding that implicate a state's interest in enforcing the orders and judgments of its courts (ECF 2 at 2).

626, 630 (1962) (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

With regards to the allegations in the Complaint, a magistrate judge may also review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(c). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *Id.*; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless," a classification encompassing allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

### III.     ANALYSIS

Plaintiff failed to comply with the Show Cause Order. Plaintiff was given the opportunity to show cause in early September that the court had jurisdiction and failed to do so

(ECF 2).  In the documents lodged to the court seemingly in response to the Show Cause Order, Plaintiff fails to provide any concrete allegations or intelligible claim regarding the jurisdiction of this court (ECF 6).  The only portion of these documents the court can discern as responsive is a page titled "Show Cause 1,3" which makes a claim that "A Unconstitutional Law is not a Law" with a citation to the Chicago Law Review (ECF 6 at 7).  The remainder of the page goes on to discuss the "original" Bill of Rights, 13th Amendment, and the "Treaty of Peace and Friendship" (ECF 6 at 7).  Nothing in the documents directly identifies how Plaintiff's claims regarding child support obligations fall within this court's jurisdiction.  For this reason, the court should dismiss Plaintiff's Complaint for failure to comply with the court's Show Cause Order.

In the alternative, assuming Plaintiff established jurisdiction, Plaintiff's Complaint should be dismissed as frivolous.  Plaintiff's Complaint contains a host of haphazard and confusing charges mostly relating to his child support obligations and his membership in in the "Moorish Divine and National Movement of the World."  These range from unintelligible references to a "Treaty of Peace and Friendship of 1836 A.D." (ECF 3 at 2-3) and citations to dozens of irrelevant legal notions (ECF 3 at 3-7).  The Complaint also seems to implicate the United States Justice Department, the United States Attorney General, the Treasury Departments, Department of State, United Nations, the Department of Homeland Security and the United States President (ECF 3 at 9).  But the factual connection to a viable legal theory against these entities is unintelligible.  In short, Plaintiff's Complaint is frivolous.  There is no way to interpret the Complaint, even under the most liberal construction possibly afforded a *pro se* plaintiff.  The Complaint centers on baseless theories of rights and is a collection of references to legal authority that are fanciful, fantastic, and delusional.

The Tenth Circuit has explained that a court "should dismiss with leave to amend … if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief." *Brever v. Rockewell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. (1994) (citation and quotations omitted).  However, a court "may dismiss a pro se complaint *sua sponte* without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile." *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (citation and quotations omitted).  Such is the case here.  Under any reading of Plaintiff's factual and legal assertions, it is clear that any amendment would be futile.

## RECOMMENDATION

The undersigned recommends that Plaintiff's Complaint be dismissed with prejudice for failure to show cause as to why this court has jurisdiction and under DUCivR 3-2(c) and under 28 U.S.C. § 1915 as frivolous.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 9 April 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

5