IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TYRONE LAMONT BEY,<br><br>                  Plaintiff,<br>v.<br><br>STATE OF UTAH,<br><br>                  Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00650-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecelia M. Romero |

      Plaintiff Tyrone Lamont Bey filed this lawsuit against Defendant State of Utah on September 26, 2019. ECF No. 3. Plaintiff is *pro se* and has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* ECF No. 2. Because Plaintiff is acting *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

      The court referred this matter to Magistrate Judge Cecelia M. Romero under 28 U.S.C. § 636(b)(1)(B). *See* ECF No. 4. On April 9, 2020, Magistrate Judge Romero issued a Report and Recommendation that the court should dismiss Plaintiff's case with prejudice because of his failure to comply with a court order under Federal Rule of Civil Procedure 41(b) and because of the frivolous nature of his suit. *See* ECF No. 8. Specifically, Magistrate Judge Romero stated that Plaintiff has "fail[ed] to file a response to this court's prior order requesting Plaintiff establish jurisdiction." *Id.* at 1. Magistrate Judge Romero further stated that "[e]ven assuming jurisdiction was met, pursuant to District of Utah Local Civil Rule 3-2(c)," she recommended that Plaintiff's Complaint "be dismissed as frivolous." *Id.*

The parties were required to file objections to the Report and Recommendation within fourteen days of service. *See* FED. R. CIV. P. 72(b). The court has received no timely objections. Thus, the parties' failure to object waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But the court notes that it need not apply this waiver rule as a procedural bar if "the interests of justice so dictate." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Having reviewed the Report and Recommendation and its conclusion that the Plaintiff's Complaint should be dismissed with prejudice, the court concludes that the Report and Recommendation is not clearly erroneous and finds that the interests of justice do not warrant deviation from the waiver rule.

## ORDER

For the foregoing reasons, the court ADOPTS IN FULL the Report and Recommendation, ECF No. 8, and ORDERS that Plaintiff's Complaint, ECF No. 3, is DISMISSED WITH PREJUDICE.

SO ORDERED September 21, 2020

BY THE COURT:

Jill N. Parrish

United States District Court Judge